UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LITTLE REST TWELVE, INC., and IMEDINVEST PARTNERS, | Case No. 11 CV 2306 (JGK)(DF) |
| Plaintiffs, | |
| -against- | |
| RAYMOND VISAN, GEORGE V. RESTAURATION, S.A., CREATIVE DESIGN FOR RESTAURANTS AND BARS LTD., CREATIVE VENTURES LIMITED GEORGE V TUNES LLC, GEORGE V RESTAURANTS (NY) LCC, GEORGE V RECORDS U.S.A. LLC, GEORGE V SONGS, LLC, GEORGE V RECORDS, VIVICOM EUROPE, GEORGE V RESTAURATION, GEORGE V SPA, VIVICOM EUROPE SARL, VIVICOM USA, LLC SOCOREST, DAILY BIRD, SOCIETE DE RESTAURATION GERMAN MICHEL, TARJA VISAN, a/k/a TARJA NAUKKARINEN, a/k/a TARJA HELENA NAUKKARINEN, JEAN-YVES HAOUZI, and JOHN DOES 1-99, | (Removal from the Supreme Court of the State of New York, County of New York, Index No. 600676/07) |
| Defendants. | |
| JEAN-YVES HAOUZI, | |
| Third Party Plaintiff, | |
| -against- | |
| DAVID ASHFIELD, ALI GUIDFARD, NINA ZAJIC, JOSEPH KAY, JOSEPH GIL, and GROSVENOR TRADING HOUSE, LTD., | |
| Third Party Defendants. | |

## LITTLE REST TWELVE, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PROPOSED INTERVENOR HICHAM AZKOUR'S MOTION TO INTERVENE

Little Rest Twelve, Inc. ("LR12"), by and through its attorneys Gusrae Kaplan Bruno & Nusbaum, PLLC ("GKBN"), respectfully submits this memorandum of law in opposition to the motion to intervene filed by proposed intervenor Hicham Azkour, *pro se* (Dkt. No. 16, the "Motion").

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................. iii

PRELIMINARY STATEMENT ........................................................................ 2

RELEVANT BACKGROUND ......................................................................... 2

        The State Action .......................................................................... 3

        Mr. Azkour's Pending SDNY Action ......................................... 4

        Mr. Azkour's Correspondence .................................................... 5

LEGAL ARGUMENT ...................................................................................... 8

I.     THE COURT LACKS JURISDICTION BECAUSE MR. AZKOUR'S MOTION WAS SERVED BY EMAIL WITHOUT ENCLOSING A PLEADING IN VIOLATION OF RULE 24 ....................................... 8

     A.    Mr. Azkour's Failure To Serve Any Party Pursuant To Rule 5 Warrants Dismissal Of The Motion. ........................................ 8

     B.    Mr. Azkour's Failure to Include a Pleading Alone Warrants Dismissal of the Motion. .......................................................... 9

II.    MR. AZKOUR'S CLAIMS ARE DUPLICATIVE OF HIS PENDING FEDERAL SUIT AND MUST BE DISMISSED ................................ 10

III.   INTERVENTION IS BARRED BECAUSE MR. AZKOUR SEEKS TO BRING NEW CLAIMS INVOLVING A COMPLETELY DIFFERENT NUCLEUS OF OPERATIVE FACTS. ............................................. 13

IV.   MR. AZKOUR'S UNTIMELY MOTION DOES NOT MEET THE REQUIREMENTS FOR MANDATORY INTERVENTION UNDER RULE 24(a) ........................................................................................ 15

     A.    Mr. Azkour's Motion Must Be Denied Because He Does Not Meet The Threshold Consideration of Timeliness Under Rule 24(a) and (b). ........................................................................................ 16

     B.    Mr. Azkour Has No Interest Because His Claims Have Not Been Reduced To A Judgment. ........................................................... 19

i

C.  Mr. Azkour Cannot Show That His Interest May Be Impaired By The Disposition Of The State Action Or That His Interest Is Not Adequately Protected By The Parties To The State Action...................... 20

V.  MR. AZKOUR IS NOT ENTITLED TO PERMISSIVE INTERVENTION UNDER RULE 24(b) BECAUSE INTERVENTION WILL NOT BENEFIT ANY PARTY. ................................................................ 21

VI.  MR. AZKOUR'S CLAIMS HAVE NO MERIT................................................. 23

CONCLUSION.............................................................................................................. 24

<u>TABLE OF AUTHORITIES</u>

Page

**<u>Cases</u>**

*Abramson v. Pennwood Inv. Corp., et al.,* 392 F.2d 759, 761 (2d Cir. 1968) .............................. 10

*Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001)................................................ 22

*Butler, Fitzgerald & Potter v. Sequa Corporation,* 250 F.3d 171 (2001) ..................................... 20

*Buxbaum v. Deutsche Bank AG,* 216 F.R.D. 72, 76 (S.D.N.Y. 2003) (J. Koeltl)......................... 18

*Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996).......................................... 19

*Citizens Against Casino Gambling in Erie County v. Hogen*, 2011 WL 1134316 at 1 (2d
Cir. 2011) ....................................................................................................................... 25

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct.
1236, 1246, 47 L.Ed.2d 483 (1976) ................................................................................ 12

*County of Chautauqua v. Int'l Ins. Co.,* 1989 WL 13461 at 1 (W.D.N.Y. 1989)......................... 23

*D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) ......................................................... 18

*Erdman Technologies Corp. v. US Sprint Communications Co.,* 1997 WL 401669
(S.D.N.Y. July 16, 1997) ................................................................................................. 8

*Farmland Dairies v. Comm'r of New York State Dep't of Agriculture and Markets,* 847
F.2d 1038, 1044 (2d Cir. 1988)........................................................................................ 19

*Fiore v. McDonald's Corp.*, No. 95 Civ. 2708, 1996 U.S. Dist. LEXIS 12354, at *37
(E.D.N.Y. June 18, 1996) ................................................................................................ 13

*Gen. Ins. Co. of Am. v. Clark Mali Corp.,* 2010 WL 807433, at *8 (N.D. Ill. Mar. 10,
2010) ................................................................................................................................ 11

*Hnot v. Willis Group Holdings, Ltd.*, 234 Fed.Appx. 13 (2d Cir. 2007) ...................................... 19

*Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd.,* 774 F.Supp. 840 (S.D.N.Y. 1991)........... 8

*Howard v. Klynveld Peat Marwick Goerdeler,* 977 F. Supp. 654, 664 (S.D.N.Y. 1997) ........... 12

*In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 197-98 (2d Cir. 2000) ..................... 18, 19, 20

*Katz v. Berisford Int'l PLC,* 2000 WL 1760965, *5 (S.D.N.Y. Nov. 30, 2000) (J. Koeltl) ......... 21

*Kheel v. Am. S. S. Owners Mut. Protection & Indem. Ass'n*, 45 F.R.D. 281, 284 (S.D.N.Y. 1968) ........................................................................................................ 23

*Lamprecht v. Fed. Commc'n Comm'n*, 958 F.2d 382, 389 (D.C.Cir.1992) ................................ 16

*Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.,* 1996 WL 346352, *4 (S.D.N.Y. 1996) ........................................................................................................ 27

*Marshak v. Reed*, No. 01 Civ. 7151, 2001 U.S. App. LEXIS 13146, at *2 (2d Cir. June 8, 2001)) ........................................................................................................ 13

*Marvel Entm't Group, Inc. v. Hawaiian Triathlon Corp*., 132 F.R.D. 143, 145 (S.D.N.Y. 1990) ........................................................................................................ 23

*New York News, Inc. v. Kheel,* 972 F.2d 482 486 (2d Cir. 1992) ................................ 18

*New York v. Atlantic States Marine Fisheries Com'n*, 609 F.3d 524, 530, n.4 (2d Cir 2010) ........................................................................................................ 16

*Ortiz-Moss v. New York City Dep't of Transp.* ................................................................ 9

*Pikor v. Cinerama Productions Corp.,* 24 F.R.D. 92 (S.D.N.Y. 1960) ................................ 10

*Providence Baptist Church, et al. v. Hillandale Comm., Ltd.,* 425 F.3d 309 (6th Cir. 2005) ......... 8

*Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) ........ 12

*Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc*., 725 F.2d 871, 874 (2d Cir. 1984) ........................................................................................ 23

*RFR Indus. v. Century Steps,* 47 F.3d 1348, 1352 (Fed. Cir. 2007) ................................ 9

*SEC v. Bear, Stearns & Co.,* 2003 WL 22000340, at *4 & n. 3 (S.D.N.Y. Aug. 25, 2003) ........ 11

*Serlin v. Arthur Andersen & Co*., 3 F.3d 221, 223 (7th Cir. 1993)) ................................ 14

*Shmuel Shmueli, Bashe, Inc. v. Lowenfeld, et al.,* 68 F.Supp.2d 161 (E.D.N.Y. 1999) .............. 14

*Sieling & Jarvis Corp. v. Nat'l Bulk Carriers,* 190 F.2d 557 (2d Cir. 1951)) ............................ 13

*Sotheby's Inc., v. Minor*, No. 08 Civ. 7694, Slip Copy, 2009 WL 3444887 (S.D.N.Y. Jan. 6, 2009) ........................................................................................................ 12

*Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947) ........... 13

*The New York Democratic Comm. v. Dibbs,* 300 Fed. Appx. 106, 2008 WL 4936700 (2d Cir. Nov. 19, 2008) ........................................................................................ 17

*U. S. Postal Service v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978) ................................ 25, 26

iv

*U.S. v. L&M 93rd Street LLC, et al.,* 2011 WL 1346994 (S.D.N.Y. April 5, 2011) ..................... 11

*U.S. v. Pitney Bowes, Inc.,* 25 F.3d 66 (2d Cir. 1994) ................................................................. 20

*Underwood v. State of N.Y. Office of Court Admin.,* 1983 WL 504 at 9-10 (S.D.N.Y. 1983) ............................................................................................................................... 22

*Vinson v. Washington Gas Light Co.,* 321 U.S. 489, 498 (1944) ................................................ 16

*Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,* 922 F.2d 92, 97 (2d Cir. 1990) ................................................................................................ 15, 16, 17

## Statutes & Treatises

42 USC § 1981 ............................................................................................................................... 4

Fed.R.Civ.P. 24(a) ....................................................................................................................... 18

*Moore's Federal Practice,* Civil § 504(2)(c)(I) ............................................................................ 9

NYHRL §§ 296.1(a), 296.1(e), 215(a)(3) .................................................................................... 4

Rule 5(b)(2)(E) of the Fed. R. Civ. P ........................................................................................... 9

## PRELIMINARY STATEMENT

The Motion must be dismissed for several reasons.  As an initial matter, the Court lacks jurisdiction to consider the Motion because not only has Mr. Azkour failed to serve a single party, but also failed to include a complaint as required by Rule 24(c).  In addition, Mr. Azkour attempts to inject allegations regarding his employment into the instant matter when he already has a pending suit addressing these issues in the United States District Court for the Southern District of New York before Judge Richard J. Sullivan.  Moreover, intervention is inappropriate here because Mr. Azkour makes assertions that relates to his four month employment with LR12 which involves a completely different nucleus of operative facts from the contract dispute that is the subject of the underlying action.  Finally, Mr. Azkour cannot meet the factors for the Court to grant intervention as of right or under permissive intervention.  Not only does Mr. Azkour not meet the threshold consideration of timeliness, but he also cannot show that he has any interest in the instant matter because no judgment has issued from his pending federal lawsuit.

As is set forth in great detail below, there are an abundance of reasons why the Court should deny the Motion.

## RELEVANT BACKGROUND

Set forth below is a brief background as it relates to the instant matter and the Motion. LR12 incorporates the detailed recitation of the facts available in LR12's Motion to Remand. *See* the Declaration of Marlen Kruzhkov, Esq. dated May 12, 2011 ("Kruzhkov Decl.") ¶ 8, Ex. D.

LR12 (d/b/a "Ajna Bar," formerly known as "Buddha Bar") operates a New York City restaurant as its sole business activity.  *Id*. at ¶ 3.  LR12 is owned by Grosvenor Trading House Ltd. and an individual named Jean-Yves Haouzi.  *Id*.

The State Action

The case of *Little Rest Twelve, Inc., et al. v. Raymond Visan, et al.,* Index No. 600676/2007 (the "State Action") was commenced in 2007 before Justice Bernard J. Fried and involves only state law based causes of action pertaining to an alleged fraud as it relates to a licensing agreement.  Kruzhkov Decl. ¶ 4.  The complaint asserts state law causes of action for fraud, breach of contract, conversion, unjust enrichment, constructive trust and tortious interference with contractual relationship.  Kruzhkov Decl. ¶ 4, Ex. A.  The counterclaims allege state law causes of action for conversion and unjust enrichment.  Kruzhkov Decl. ¶ 4, Ex. B. The third-party complaint pleads state law based causes of action for breach of contract, breach of fiduciary duty, conversion, unjust enrichment, prima facie tort and accounting.  Kruzhkov Decl. ¶ 4, Ex. C.

On April 2, 2010, a motion by order to show cause was made on behalf of LR12 by the former and then severed CEO through the former and then severed attorneys for LR12 (purporting still to represent LR12).  Kruzhkov Decl. ¶ 5.  On April 6, 2010, Justice Fried entertained oral argument on the application for preliminary injunctive relief.  *Id.*  Since the preliminary injunction could not be decided until the issue of which set of attorneys represents LR12 was resolved, Justice Fried ordered limited discovery and scheduled an evidentiary hearing for May 11, 2010 to resolve the issue of counsel.  *Id.*

On March 17, 2011, persons known to be affiliated with Emanuel Zeltser, Esq. (former severed counsel for LR12) filed a petition for involuntary bankruptcy against LR12 in the United States Bankruptcy Court for the Southern District of Florida (the "Petition").[1]  Kruzhkov Decl. ¶

---

[1] That same day, Petitions for voluntary bankruptcy were also consecutively filed against Mutual Benefits Offshore Fund, Ltd. and Fisher Island Investments.  The petitioners' alleged a common set of credit claims against LR12, Mutual Benefits Offshore Fund, Ltd. and Fisher Island Investments.  Notably, all

6.  Two business days after the Petition was filed, on March 21, 2011, a law firm which is co-counsel with Mr. Zeltser filed an answer purportedly on behalf of LR12 admitting to the alleged creditor claims and consenting to the relief sought in the Petition – to wit, purporting to consent to the bankruptcy. [2] *Id.*

On April 4, 2011, one day prior to summation of the hearing on the issue of who is proper counsel to LR12, Bruce D. Katz, Esq. filed a Notice of Removal of the State Action in the United States District Court for the Southern District of New York.  Kruzhkov Decl. ¶ 7.

On April 11, 2011, LR12 filed a Motion to Remand.  Kruzhkov Decl. ¶ 8, Ex. D.

Mr. Azkour's Pending SDNY Action

On May 15, 2010, Mr. Azkour filed a lawsuit as a *pro se* litigant against LR12 and his former employers Nina Zajic, David Kay and Peter Eljastimi in the United States District Court for the Southern District of New York, Case No 1:10-cv-04132, before Judge Richard J. Sullivan (the "Pending SDNY Action").  Kruzhkov Decl., ¶ 9, Ex. E.  The 233-paragraph complaint alleged 11 causes of action concerning the alleged unfair wages Mr. Azkour received during his brief employment with LR12.  *Id.*  The complaint asserted causes of action for discrimination and retaliation pursuant to 42 USC § 1981 and NYHRL §§ 296.1(a), 296.1(e), 215(a)(3), minimum wages, overtime wages, unpaid overtime, spread-of-hours and split-shift pay, unlawful deductions and tip retention pursuant to Fair Labor Standards Act and New York Labor Law

---

three companies were at the time party to state court actions involving Mr. Zeltser and his known associates, with imminent rulings likely to be issued against Mr. Zeltser and his associates.

[2] The same co-counsel to Mr. Zeltser simultaneously filed identical answers purportedly on behalf of Mutual Benefits Offshore Fund and Fisher Island Investments.  Properly appointed counsel for both companies filed motions to strike these unauthorized answers.

Article 19 and intentional infliction of emotional distress.  *Id.*  LR12 retained Theodore A. Goldbergh, P.C. to defend against these claims.[3]  Kruzhkov Decl., ¶ 10.

On or about April 5, 2011, Mr. Azkour retained the law firm of Samuel & Stein. Kruzhkov Decl., ¶ 11.  On April 5, 2011, Samuel & Stein filed an amended complaint on behalf of Mr. Azkour.  Kruzhkov Decl., ¶ 11, Ex. F.  The amended complaint filed by Mr. Azkour's attorneys removed six causes of action that were in the original complaint leaving only the causes of action with respect to his labor and wage claims.  *Id.*  Mr. Azkour's original causes of action for discrimination and retaliation and intentional infliction of emotional distress were not included in the amended complaint.  *Id.*  The Pending SDNY Action remains open with the parties engaged in discovery.  *Id.*

On April 26, 2011, Mr. Azkour emailed several attorneys including GKBN attorneys, Marlen Kruzhkov, Esq., Martin P. Russo, Esq. and Sarah Y. Khurana, ESq. attaching a copy of the Motion.  Kruzhkov Decl., ¶ 12, Ex. G.  Donovan L. Wickline, Esq., attorney for 17 defendants in the State Action, and Alexander Perchekly, Esq., attorney for defendant Jean-Yves Haouzi in the State Action, were not on the email and did not receive a copy of the Motion.  *See* Declaration of Donovan L. Wickline, Esq. dated April 12, 2011 ("Wickline Decl."), ¶ 4 and Declaration of Alexander Perchekly, Esq. dated April 12, 2011 ("Perchekly Decl.") ¶ 4.  On May 2, 2011, Mr. Azkour filed the Motion as a *pro se* litigant.  Dkt. No. 16.

Mr. Azkour's Correspondence

Mr. Azkour worked for LR12 as a "busser and runner" for four months from October 10, 2009 to February 14, 2010.  Dkt. No. 16, ¶¶ 11-12.  On April 6, 2010 – the day of oral argument on the application for preliminary injunctive relief – Mr. Azkour contacted GKBN attorneys

---

[3] GKBN initially appeared on behalf of LR12.  Theodore A. Goldberg, P.C. was hired shortly thereafter and substituted in as counsel for LR12.  *See* Pending SDNY Action, Dkt. No. 17.

Martin P. Russo, Esq. and Marlen Kruzhkov, Esq. for the first time by email.  Kruzhkov Decl., ¶ 15, Ex. H.  In his email, Mr. Azkour represented to Messrs. Russo and Kruzhkov that he was present in Justice Fried's courtroom for oral argument that morning.  Kruzhkov Decl., Ex. H. Mr. Azkour further stated that he "hate[s] Nina, David, Joseph, and Peter (The Moroccan guy)" and that the attachments (to the email) would explain why "LRT is facing civil contempt, TRO, and a class action suit."  *Id.*

The next day, on April 7, 2010, Mr. Azkour again contacted Messrs. Russo and Kruzhkov attaching another document and asked them to call him to discuss his grievances since he was *pro se*.  Kruzhkov Decl., ¶ 16, Ex. I.  Mr. Azkour then stated the following: "Pro se plaintiffs are generally hard to manage and their litigations, because of their ignorance of the law, last longer.  I will join most of your clients, whether here or in Europe, as defendants to my original Complaint.  You [sic] firm will thrive."  Kruzhkov Decl., Ex. I.  Later that day, Mr. Azkour sent a carbon copy of an email to Mr. Russo that he sent to Jeanette Jimenez at the Equal Employment Opportunity Commission stating that he "already filed a Complaint under Section 1981" in the SDNY and intends to amend his complaint to "add ADEA and Title VII claims." Kruzhkov Decl., ¶ 16, Ex. J.

After Mr. Azkour filed a complaint in the SDNY, on August 19, 2010, he contacted GKBN attorneys Mr. Kruzhkov and Sarah Y. Khurana, Esq. and stated that he would commence disciplinary proceedings against them because they allegedly failed to respond to his emails. Kruzhkov Decl., ¶ 17, Ex. K.  Mr. Kruzhov responded and asked Mr. Azkour to refrain from sending these emails.  *Id.*  In response to Mr. Kruzhkov's email, Mr. Azkour stated that he "never makes empty threats" and "always make good promises that [he] will carry out."  *Id.*  He further stated that even though he is *pro se,* "a good attorney never underestimates opposing

counsel" and that he "may be better than the best of [GKBN's] attorneys." *Id.*  Mr. Azkour ended the email with the statement "[s]o, let's hope that you will be wise as Solomon." *Id.*

On November 15, 2010, Mr. Azkour contacted Mr. Russo and Ms. Khurana and stated that that "if [his] employment claims against LITTLE REST TEWELVE [sic], INC., ET AL. are not promptly resolved, [he] will intervene in all pending actions brought before the New York State Supreme Court, County of New York."  Kruzhkov Decl. ¶ 18, Ex. L.  He further stated that his claims in the federal lawsuit, *infra*, are "not precluded by comity or the res judicata doctrines." *Id.*  At the end of this email, he warned that GKBN "be guided accordingly." *Id.*

Days after Mr. Katz, Esq. filed a notice of removal, on April 16, 2011, Mr. Azkour again emailed some of the counsel involved in the Florida bankruptcy matter and the State Action stating that he will be intervening "because [our] clients have refused to resolve [his] legitimate claims, which arose when [he] used to be an employee of Little Rest Twelve, Inc. and Ajna Bar." Kruzhkov Decl., ¶ 19, Ex. M.  Mr. Azkour reiterated his intent to "interven[e] as of right" if his "claims are not promptly resolved and [our] clients still refuse to pay damages." *Id.*

On May 12, 2011, Mr. Azkour emailed attorneys involved in the bankruptcy action in the United States Bankruptcy Court for the Southern District of Florida stating that he will be intervening in the three (3) bankruptcy matters involving LR12, MBOF and Fisher.  Kruzhkov Decl. ¶ 20, Ex. N.  In the email, Mr. Azkour states that he will be communicating to the bankruptcy court with respect to an alleged securities fraud and that he will be requesting that the matter be referred to the "United States Attorney."  Kruzhkov Decl., Ex. N.

<u>LEGAL ARGUMENT</u>

I.   **THE COURT LACKS JURISDICTION BECAUSE MR. AZKOUR'S MOTION WAS SERVED BY EMAIL WITHOUT ENCLOSING A PLEADING IN VIOLATION OF RULE 24.**

The Motion must be dismissed because Mr. Azkour not only failed to serve any party but also failed to include the necessary pleading as required by Rule 24(c).

The Second Circuit applies a stringent approach to the procedural requirements of Rule 24(c) and failure to comply by itself is a sufficient basis to deny a motion to intervene. *Erdman Technologies Corp. v. US Sprint Communications Co.,* 1997 WL 401669 (S.D.N.Y. July 16, 1997); *Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd.,* 774 F.Supp. 840 (S.D.N.Y. 1991); *Providence Baptist Church, et al. v. Hillandale Comm., Ltd.,* 425 F.3d 309 (6th Cir. 2005) (discusses the Second Circuit's strict approach to Rule 24(c)).

Rule 24(c) states that "[a] motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Here, Mr. Azkour failed to (i) include a pleading and (ii) properly serve the parties.  Each deficiency alone warrants dismissal of the Motion.

   A.   **Mr. Azkour's Failure To Serve Any Party Pursuant To Rule 5 Warrants Dismissal Of The Motion.**

As an initial matter, the Motion must be dismissed because Mr. Azkour failed to obtain consent to service by electronic means.

Rule 5(b)(2)(E) of the Fed. R. Civ. P. allows for service "by electronic means *if the person consented in writing* – in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." (emphasis added).  In *Ortiz-Moss v. New York City Dep't of Transp.,* plaintiff's counsel argued that service

by email and facsimile transmission constituted valid service and that defendants consented to these forms of service by not objecting to these methods of service earlier in the litigation. 623 F.Supp.2d 404, 407 (S.D.N.Y. 2008). The *Ortiz-Moss* court denied the motion to intervene holding consent to the service by electronic means must be specifically agreed to in writing and cannot be implied from past conduct. *Id.*, citing Advisory Committee Notes to Fed.R.Civ.P. 5, 2001 Amendments ("The consent must be express and cannot be implied from conduct"); *RFR Indus. v. Century Steps,* 47 F.3d 1348, 1352 (Fed. Cir. 2007); *Moore's Federal Practice,* Civil § 504(2)(c)(I).

Here, on April 26, 2011, Mr. Azkour simply attached the Motion to one email which he then mass distributed to various counsel, including the attorneys at GKBN. Kruzhkov Decl. ¶ 12, Ex. G. Donovan L. Wickline, Esq., who represents 17 of the defendants in the State Action, and Alexander Perchekly, Esq., who represents Jean-Yves Haouzi in the State Action, were not on the email's distribution list and never received a copy of the Motion. Wickline Decl. ¶ 4and Perchekly Decl. ¶ 4. On April 26, 2011, Mr. Azkour e-filed the Motion on the Document Filing System. Dkt. No. 16. Mr. Azkour employed no other means of service.

Since GKBN, its attorneys, Mr. Wickline and Mr. Perchekly did not consent in writing for service by electronic means (*see id.*), the attempted service is void.

### B.    Mr. Azkour's Failure to Include a <u>Pleading Alone Warrants Dismissal of the Motion.</u>

Mr. Azkour's failure to include a pleading as required by R. 24(c) is fatal and warrants dismissal of the Motion.

Rule 24(c) explicitly states that a motion to intervene "must . . . be accompanied by a pleading." Courts in the Second Circuit have consistently held that failure to include a pleading with the motion is fatal and alone warrants denial of a motion to intervene even if the court were

9

able to find that the movant was otherwise eligible to intervene.  *Abramson v. Pennwood Inv. Corp., et al.,* 392 F.2d 759, 761 (2d Cir. 1968) (affirming district court's decision to deny the motion to intervene with prejudice for movant's failure to file a pleading), citing *Pikor v. Cinerama Productions Corp.,* 24 F.R.D. 92 (S.D.N.Y. 1960) (intervenors' affidavits stating that they wished to adopt the original complaint were insufficient to meet this requirement, finding that this was not merely a technical lack of compliance with the rules); *see also, U.S. v. L&M 93rd Street LLC, et al.,* 2011 WL 1346994 (S.D.N.Y. April 5, 2011), citing *Gen. Ins. Co. of Am. v. Clark Mali Corp.,* 2010 WL 807433, at *8 (N.D. Ill. Mar. 10, 2010), *SEC v. Bear, Stearns & Co.,* 2003 WL 22000340, at *4 & n. 3 (S.D.N.Y. Aug. 25, 2003).

Putting aside the fact that Mr. Azkour failed to include a notice with the Motion, the document that Mr. Azkour emailed to GKBN and its attorneys entitled "Motion to Intervene" was not accompanied by a complaint.[4]  Therefore, Mr. Azkour failed to enclose a pleading as required by Rule 24(c) and the Motion must be denied.

## II.   MR. AZKOUR'S CLAIMS ARE DUPLICATIVE OF HIS PENDING FEDERAL SUIT AND MUST BE DISMISSED.

The Motion must be dismissed because Mr. Azkour has a pending suit before Judge Sullivan that addresses his claims.

It is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases.  *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F. Supp.

---

[4] In the Motion, Mr. Azkour merely quotes the language of Rule 24(a) without setting forth the grounds for intervention.  Assuming *arguendo* that the Court finds that the Motion does contain a pleading, it should still be dismissed because an intervenor cannot submit a barebones pleading without clearly setting forth the grounds for intervention.  *See, e.g., Harlem Val. Transp. Ass'n v. Stafford,* 360 F.Supp. 1057, 1066 (S.D.N.Y. 1973), *City of Bridgeport v. U.S. Dep't of Army,* 2009 WL 3254475 at *1 (D. Conn. Oct. 6, 2009).

654, 664 (S.D.N.Y. 1997) (court dismissed second action filed by employee against partners of her former employer because it was duplicative), citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).  This power should be exercised where, as here, it will result in the avoidance of unnecessary and duplicative litigation.  *Colorado River,* 424 U.S. at 817 ("As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.").

The Second Circuit is also clear that "where proceedings involving the same parties and issues are pending simultaneously in different federal courts the first-filed of the two takes priority absent 'special circumstances' or a balance of convenience in favor of the second." *Sotheby's Inc., v. Minor*, No. 08 Civ. 7694, Slip Copy, 2009 WL 3444887 (S.D.N.Y. Jan. 6, 2009).  The first to file rule is based on principles of judicial economy and efficiency, *id*. at *4, and seeks to " 'avoid duplication of judicial effort, avoid vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication.' " *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) (quoting *Marshak v. Reed*, No. 01 Civ. 7151, 2001 U.S. App. LEXIS 13146, at *2 (2d Cir. June 8, 2001)).

The rule applies with equal force where two substantially similar cases are filed in the same court.  *See Fiore v. McDonald's Corp*., No. 95 Civ. 2708, 1996 U.S. Dist. LEXIS 12354, at *37 (E.D.N.Y. June 18, 1996) (citing *Sieling & Jarvis Corp. v. Nat'l Bulk Carriers*, 190 F.2d 557 (2d Cir. 1951)) ("The principle that it is unjust and inefficient to allow two separate actions between identical parties and involving identical issues to proceed has also been applied when the two actions are pending in the same court.").  *See also Sutcliffe Storage & Warehouse Co. v.*

*United States*, 162 F.2d 849, 851 (1st Cir. 1947) ("The pendency of a prior pending action in the same federal court is ground for abatement of the second action.").

Applying these well-settled principles, it is clear that the Motion must be dismissed because Mr. Azkour's claims are duplicative of the Pending SDNY Action.

The Pending SDNY Action against LR12 and its former employees Nina Zajic, David Kay and Peter Eljastimi stems from Mr. Azkour's employment with LR12 from October 10, 2009 to February 14, 2010. In the limited four-month period that he was employed by LR12, Mr. Azkour claims that he was unfairly paid and seeks damages as a result. In the Motion, Mr. Azkour again asserts claims against LR12, Zajic and Kay for their alleged actions stemming from the period of his employment. *See*, Dkt. No. 16. Although the Motion now contains additional defendants and purported causes of action not present in the Pending SDNY Action, it is still duplicative because both actions arise out of the same facts and circumstances and the relief sought in both actions is based on the same underlying alleged wrongs. *See Shmuel Shmueli, Bashe, Inc. v. Lowenfeld, et al.,* 68 F.Supp.2d 161 (E.D.N.Y. 1999) (dismissed second action because the additional claims in the second action all stemmed directly from the proceedings in the first action); *see also, Regions Bank*, 170 F. Supp. 2d at 441; *Howard*, 977 F. Supp. at 664 ("a suit is duplicative if the claims, parties and available relief do not significantly differ between the two actions") (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)).

Indeed, the additional parties and claims in the Motion all stem directly from the Pending SDNY Action but were never raised even in Mr. Azkour's recently amended complaint that was filed by his attorneys. The fact that Mr. Azkour's attorneys (who were retained after the initial complaint was filed) have not only dropped the majority of the causes of action in the amended

12

complaint but did not participate in the filing of the Motion is all too telling.  As the court in *Schmuel Schmueli, Bashe, Inc.* warned, a court should be weary and not lend its hand to the advancement of a plaintiff who files a duplicative action as a tactical tool as Mr. Azkour is attempting to do here.  68 F. Supp. at 165.  Rather than requesting his attorneys to seek leave to amend the complaint before Judge Sullivan, who is familiar with the facts and claims and has presided over the Pending SDNY Action since 2010, Mr. Azkour now seeks to intervene in (i) this instant four-year-old suit which involves entirely different set of issues; and (ii) the Florida bankruptcy proceedings which also involves entirely different set of issues.  *See* Kruzhkov Decl. ¶ 20, Ex. N.  In light of his recent email where Mr. Azkour states his intention to intervene in the bankruptcy litigations, it is unclear with respect to which action he wants to intervene and in which forum.  Kruzhkov Decl., Ex. N.

Moreover, allowing both actions to proceed simultaneously would result in a duplication of judicial and litigant effort and resources, a waste of money and could risk inconsistent results in the two actions.  A denial of the Motion would protect the parties – and the Court – against these risks.  Accordingly, because both actions involve a common set of operative facts covering the four-month period in which Mr. Azkour was employed by LR12, the claims asserted in the Motion are duplicative of the Pending SDNY Action, and should be dismissed.

## III.    INTERVENTION IS BARRED BECAUSE MR. AZKOUR SEEKS TO BRING NEW CLAIMS INVOLVING A COMPLETELY DIFFERENT NUCLEUS OF OPERATIVE FACTS.

Mr. Azkour's attempt to inject employment issues into a case concerning an alleged fraud as it relates to a licensing agreement would defeat the purpose of intervention and must be denied.  The purpose of the intervention rule is to avoid multiple litigations where common questions of law and fact are involved.  *Washington Elec. Co-op., Inc. v. Massachusetts Mun.*

*Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).  For that reason, except in extraordinary circumstances, the intervenor may not expand the proceedings but may only join an issue already brought before the court by another party.  *New York v. Atlantic States Marine Fisheries Com'n*, 609 F.3d 524, 530, n.4 (2d Cir 2010) (quoting *Lamprecht v. Fed. Commc'n Comm'n*, 958 F.2d 382, 389 (D.C.Cir.1992)); *see also Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944).  The intervenor cannot create "whole new lawsuits" or "inject collateral issues into an existing action."  *Washington Elec. Co-Op*, *supra* at 97.

A simple perusal of the claims alleged in the Motion and the State Action leaves no doubt that Mr. Azkour is seeking to interject collateral issues into the State Action.  The following facts cannot be disputed: (i) Mr. Azkour was employed in LR12's restaurant for only four months from October 2009 to February 2010; (ii) the Motion is based essentially on the alleged conspiracy amongst his previous employers and LR12 attorneys which allegedly resulted in his unfair compensation; (iii) the State Action is a suit based on the alleged fraud with respect to a licensing agreement for the use of the "Buddha Bar" name; (iv) the State Action commenced in 2007 – over 2 years prior to Mr. Azkour's employment at LR12; and (iv) there are no employment or labor issues in the State Action.  Mr. Azkour himself recognizes that his claims stem from his employment.  In one of his emails to the GKBN attorneys, Mr. Azkour specifically states that his claims relate to his "employment rights" and he is intervening "because [our] clients have refused to resolve [his] legitimate claims, which arose when [he] used to be an employee of [LR12]."  Kruzhkov Decl., ¶ 19, Ex. M.  Given the clear dichotomy of the two cases, if Mr. Azkour were permitted to intervene, the Court would no longer preside over a conventional contractual dispute between parties but, in addition, would have to determine whether complex civil RICO claims were violated concerning the wages of a former employee.

14

Not only would this complicate the State Action but it would also result in substantial delay in the State Action which can timely be adjudicated before Justice Fried.  Put simply, granting the Motion would defeat the very purpose of intervention.  *Washington Electric Co-op, supra*, 922 F.2d 92 (held that the potential for delay and the complication engendered by the interjection of regulatory law into a contractual dispute justified the denial of the motion to intervene).

Based on the firmly rooted principle that an intervenor cannot interject collateral issues into an existing action, the Motion must be denied as a matter of law.  *See, e.g., The New York Democratic Comm. v. Dibbs,* 300 Fed. Appx. 106, 2008 WL 4936700 (2d Cir. Nov. 19, 2008) (affirmed district court's decision to deny motion to intervene because intervenor sought to interject new claims including RICO to support his allegation that the elections were rigged); *New York News, Inc. v. Kheel,* 972 F.2d 482 486 (2d Cir. 1992).

## IV.   MR. AZKOUR'S UNTIMELY MOTION DOES NOT MEET THE REQUIREMENTS FOR MANDATORY INTERVENTION UNDER RULE 24(a).

The Motion fails to show that Mr. Azkour has any interest in the State Action.

In order to establish that it has a right to intervene in an action pursuant to Fed.R.Civ.P. 24(a), an intervenor must (1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action.[5]  *Buxbaum v. Deutsche Bank AG,* 216 F.R.D. 72, 76 (S.D.N.Y. 2003) (J. Koeltl), citing *In re Holocaust Victim Assets Litig.,* 225 F.3d 191, 197-98 (2d Cir. 2000) (citation omitted); *accord New York News*, 972 F.2d at 485.  The failure to meet any one of these requirements is sufficient grounds to deny the motion to

---

[5] Contrary to Mr. Azkour's assertion (*see* Motion ¶ 6), none of the federal statutes that he refers to in the Motion provide for an unconditional right to intervene pursuant to Rule 24(a)(1).

intervene. *Buxbaum,* 216 F.R.D. at 76, citing *In re Holocaust Victim Assets Litig.*, 225 F.3d at 197-98; *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001).

A.     **Mr. Azkour's Motion Must Be Denied Because He Does Not Meet
       The Threshold Consideration of Timeliness Under Rule 24(a) and (b).**

Mr. Azkour cannot meet the threshold issue of timeliness and substantial prejudice would result if Mr. Azkour is permitted to intervene in an action he knew about for over a year.

For a Rule 24(a) motion, timeliness is determined by looking at the totality of the circumstances through the consideration of four specific factors: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness. *Buxbaum,* 216 F.R.D. at 76 (J. Koeltl), citing *In re Holocaust Victim Assets Litig.,* 225 F.3d at 198; accord *Farmland Dairies v. Comm'r of New York State Dep't of Agriculture and Markets,* 847 F.2d 1038, 1044 (2d Cir. 1988).  However, the length of time the intervenor knew or should have known of his interest before making a motion is among the most important factors.  *Hnot v. Willis Group Holdings, Ltd.*, 234 Fed.Appx. 13 (2d Cir. 2007) (quoting *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996)).

First, the Motion is certainly untimely because Mr. Azkour has had over one year of actual notice of the interest before he made the Motion.  *In re Holocaust Victim Litig.,* 225 F.3d 191 (eight month delay after notice); *Butler, Fitzgerald & Potter v. Sequa Corporation,* 250 F.3d 171 (2001) (8-9 month delay after applicant knew or should have known interest); *U.S. v. Pitney Bowes, Inc.,* 25 F.3d 66 (2d Cir. 1994) (constructive knowledge for 15 months actual knowledge for eight months before filing).  Although it will be established later that Mr. Azkour has no interest in the State Action, he was on notice of any potential interest in the State Action at least

as early as April 6, 2010, when he attended the oral argument on the application for preliminary injunctive relief.  Kruzhkov Decl., Ex. H.  By April 2010, Mr. Azkour was no longer an employee of LR12.  Although he had no involvement with respect to the State Action or the Order to Show Cause, Mr. Azkour elected to attend the conference on his own.  In fact, Mr. Azkour emailed Messrs. Russo and Kruzhkov later that same day stating that he witnessed Mr. Russo in action that morning and that he "hate[s] Nina, David, Joseph, and Peter (The Moroccan guy)" and that the attachments (to the email) would explain why "LRT is facing civil contempt, TRO, and a class action suit."  *Id.*

It is also evident from his subsequent emails to GKBN attorneys that Mr. Azkour was on notice and continued to monitor the State Action.  The day after Mr. Azkour attended the oral argument before Justice Fried, on April 7, 2010, he emailed Ms. Jimenez at the EEOC and stated that he needs to amend his complaint to "add ADEA and Title VII claims."  Kruzhkov Decl. ¶ 16, Ex. J.  Thus, he intended to bring additional claims pursuant to the Civil Rights Act and the Fair Labor Standards Act for over one year and failed to do so until he filed the Motion. Furthermore, Mr. Azkour made clear on more than one occasion that he intended to "intervene." Kruzhkov Decl., Exs. L, M.

Rather than filing a motion to intervene in or around April 2010, when he undoubtedly was on notice, Mr. Azkour chose instead to commence his own action in federal court (i.e., the Pending SDNY Action).  Therefore, it is clear that Mr. Azkour had ample notice before filing the Motion which supports the denial of the Motion as untimely.

Second, there would be substantial prejudice to the existing parties who have litigated the State Action for four years if Mr. Azkour were allowed to intervene.  Allowing Mr. Azkour to intervene at this late hour would cause significant delay because at least 24 parties will be forced

to go through additional discovery and another trial involving claims entirely unrelated to the underlying action.  Furthermore, hundreds of thousands of dollars have been spent on discovery, motion practice and the hearing with respect to the issue of counsel alone.  In regards to just this single issue, Justice Fried has presided over 11 days of evidentiary hearing, consisting of testimony from 10 different witnesses, ruled on the admissibility of more than 140 exhibits consisting of thousands of pages, heard the arguments of counsel, requested and received hundreds of proposed findings of fact and conclusions of law with supporting reference from both sides and is prepared to rule on the question of which attorneys represent LR12.  Thus, there is no question that there would be substantial prejudice to the existing parties if Mr. Azkour were permitted to intervene.

Third, any possible prejudice to Mr. Azkour in not allowing him to intervene is fully ameliorated by the fact that he already has a current lawsuit pending in federal court.  *Katz v. Berisford Int'l PLC,* 2000 WL 1760965, *5 (S.D.N.Y. Nov. 30, 2000) (J. Koeltl) (finding any possible prejudice in not allowing intervenors to intervene is ameliorated by the fact that the applicant already has a pending lawsuit in state court).  The fact is that Mr. Azkour will not suffer any prejudice if he is not permitted to intervene.  He himself has made clear that he is intervening not because he has legitimate claims but because LR12 has refused to settle with him in the Pending SDNY Action.  Kruzhkov Decl., ¶ 19, Ex. M.  Thus, any remote possibility of prejudice to Mr. Azkour is far outweighed by the untimeliness of the application and the prejudice to the current parties that would result from such an intervention.

Finally, Mr. Azkour's unreasonable delay in filing the Motion while simultaneously prosecuting the Pending SDNY Action is an unusual circumstance which supports a finding of untimeliness.  *See, e.g., Underwood v. State of N.Y. Office of Court Admin*., 1983 WL 504 at 9-

10 (S.D.N.Y. 1983) (temporary court officers could and should have raised challenges to validity of examination before examinations were administered).

Therefore, it is plain upon reviewing these four factors that the Motion was untimely made.

### B.   Mr. Azkour Has No Interest Because His Claims Have Not Been Reduced To A Judgment.

Mr. Azkour cannot meet the second requirement because he has no interest in the subject matter of the State Action because he does not yet have a judgment against any party to the State Action.  An interest must be direct, as opposed to remote or contingent.  *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (quoting *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 874 (2d Cir. 1984)).  A provable claim unreduced to judgment is insufficient to satisfy this requirement.  *County of Chautauqua v. Int'l Ins. Co.*, 1989 WL 13461 at 1 (W.D.N.Y. 1989); *see also Kheel v. Am. S. S. Owners Mut. Protection & Indem. Ass'n*, 45 F.R.D. 281, 284 (S.D.N.Y. 1968) (holding that a contingent interest based on pending litigation is insufficient to satisfy the requirements of intervention).

Mr. Azkour has no interest in the transaction with respect to the State Action because whether a contract to license the Buddha Bar name was obtained by fraud in 2006 could not be of any concern to Mr. Azkour who did not even become an employee of LR12 until three years later.  Put differently, the outcome of the State Action would have no effect on Mr. Azkour's claims.  *See, e.g., Marvel Entm't Group, Inc. v. Hawaiian Triathlon Corp.*, 132 F.R.D. 143, 145 (S.D.N.Y. 1990) (intervenor had no interest because he was not a party to the contract at issue and any judgment in the underlying suit would not prevent intervenor from bringing another action).  Moreover, Mr. Azkour has no interest in the property of the State Action since no judgment has issued in favor of Mr. Azkour in the Pending SDNY Action.

19

Since Mr. Azkour cannot establish any interest in the transaction or property of the State Action, the Motion must be denied.

### C.     Mr. Azkour Cannot Show That His Interest May Be Impaired By The Disposition Of The State Action Or That His Interest Is Not Adequately Protected By The Parties To The State Action.

Absent any interest, factors three and four are moot.  Nonetheless, assuming *arguendo* that Mr. Azkour did have an interest in the State Action (which he does not), he still cannot show that his interest may be impaired by the disposition of the State Action or that his interest is not adequately protected by the parties to the State Action.

The only possible interest that Mr. Azkour could have in the State Action is to ensure that LR12 had adequate funds to pay his alleged damages if he were successful in the Pending SDNY Action.  In other words, Mr. Azkour's interest is LR12's money.  LR12's suit against the various defendants in the State Action would be irrelevant because the only concern would be the potential depletion of funds.  Thus, the only relevant claim would be the counterclaims that were filed by Jean-Yves Haouzi in the State Action.  The counterclaims could be resolved once the issue of which attorneys represents LR12 is decided.  If the Court were to find that GKBN represents LR12, the State Action would be resolved favorably because it would be in the interest of LR12 and Mr. Haouzi (the COO and 15% owner of LR12) to protect the restaurant's interest and run a successful business.  If, on the other hand, the court finds that Bruce Katz, Esq. and Emanuel Zeltser, Esq. represent LR12, these attorneys would continue the action and defend LR12 against Mr. Haouzi's claims.  Likewise in this situation, Messrs. Katz and Zeltser may succeed in protecting LR12's assets which would arguably be enlarged inasmuch as the court would also find that Mr. Haouzi is not a 15% owner.  Therefore, Mr. Azkour's "interest" would be protected in either scenario.

Even if Mr. Azkour did have an interest in the State Action (which he does not), he has not shown that his interest may be impaired by the disposition of the State Action or that his interest is not adequately protected by the parties to the State Action.

Since failure to meet one of Rule 24(a)(2)'s factors is sufficient to deny a motion to intervene as of right and Mr. Azkour has failed to meet even a single requirement, the Motion must be dismissed.

## V.  MR. AZKOUR IS NOT ENTITLED TO PERMISSIVE INTERVENTION UNDER RULE 24(b) BECAUSE INTERVENTION WILL NOT BENEFIT ANY PARTY.

Likewise, Mr. Azkour fails to meet a single requirement to establish grounds for permissive intervention.  In determining whether to grant permissive intervention, courts consider the following factors: (1) whether intervention will unduly delay or prejudice adjudication of rights of original parties; (2) whether the applicant will benefit by intervention; (3) the nature and extent of intervenors' interests; (4) whether the interests are adequately represented by other parties; and (5) whether party seeking intervention will significantly contribute to full development of underlying factual issues and to just and equitable adjudication of legal questions presented.  *U. S. Postal Service v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978).  Among these factors, courts in the Second Circuit have stated that undue delay or prejudice is the "principal consideration" in determining whether permissive intervention is appropriate.  *Citizens Against Casino Gambling in Erie County v. Hogen*, 2011 WL 1134316 at 1 (2d Cir. 2011) (quoting *U.S. Postal Serv.*, 579 F.2d at 191)).

As demonstrated above, factors one, three and four indisputably favor dismissing the Motion because the intervention will undoubtedly delay the proceedings and prejudice the rights of the original parties.  In addition, even if Mr. Azkour did have an interest in the State Action

(which he does not), there has been no showing that the interest would not be adequately represented by the parties to the State Action.

With respect to the second factor, Mr. Azkour will not benefit by intervention because he has an existing lawsuit wherein he can pursue his claims. Indeed, the Pending SDNY Action will be the more efficient forum for his claims where Judge Sullivan can address Mr. Azkour's claims without having to adjudicate extraneous issues. If Mr. Azkour is permitted to intervene, he would be at a severe disadvantage because he will be conducting dual tracked discovery in two forums. This added burden would be even more prominent for Mr. Azkour who is appearing *pro se* in this action. In addition, there may be a possibility of incongruous judgments and Mr. Azkour would not receive the benefit of collateral estoppel since there would be no complete identity of parties.

With respect to the fifth factor, granting the Motion will not contribute to a full development of the underlying factual issues and to just and equitable adjudication of legal questions. Rather, Mr. Azkour's additional allegations would merely complicate matters. Mr. Azkour could not aid with the issue regarding the alleged fraud concerning LR12's licensing contract because he has no knowledge base. Mr. Azkour's limited four-month employment at LR12 began in late 2009 – two years after the State Action commenced. In the four month period of his employment, he worked as a busser and runner and would not be privy to any dealings with the negotiating of contracts. Mr. Azkour himself admits that he only has "employment claims" which "arose when [he] used to be an employee at [LR12]." Kruzhkov Decl., ¶ 19, Ex. M. In addition, Mr. Azkour cannot shed light with respect to resolving the issue of who is counsel for LR12. The Motion involves claims against not only GKBN and its attorneys but also against former management and alleged owners of LR12. In other words, Mr.

Azkour brought a lawsuit against both sides.  Thus, Mr. Azkour could not provide any clarity

with respect to who are the owners of LR12 that had authority to hire counsel because he himself

is uncertain.  Since Mr. Azkour cannot contribute to the development of legal and factual issues,

the Motion must be denied.  *See, e.g., Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.,* 1996

WL 346352, *4 (S.D.N.Y. 1996) (court denied motion to intervene because intervenor's

presence will not significantly contribute to development of common questions because issues

are either irrelevant or not in dispute).

Since he will not be prejudiced by a denial of the Motion and cannot contribute to the

State Action, Mr. Azkour is not entitled to permissive intervention pursuant to Rule 24(b).

## VI.    MR. AZKOUR'S CLAIMS HAVE NO MERIT.

GKBN and its attorneys Martin P. Russo, Esq., Marlen Kruzhkov, Esq. and Sarah Y.

Khurana, Esq. have reviewed the allegations asserted in the Motion.  Kruzhkov Decl., ¶ 14;

Declaration of Martin P. Russo, Esq. ¶ 5; Declaration of Sarah Y. Khurana, ¶ 5.  Without

addressing the substance of the allegations in the Motion, GKBN and its attorneys deny the

allegations in their entirety.  *Id.*  In addition, GKBN and its attorneys deny the assertions in the

following paragraphs that GKBN and its attorneys engaged in the allegedly actionable conduct

claimed by Mr. Azkour in the Motion: ¶¶ 1, 10-13, 21, 30-43, 63-65, 67-68, 70-71, 73, 81, 83-

84, 103-114.  *Id.*

<u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Mr. Azkour's motion to intervene in this action.

Dated: New York, New York
       May 12, 2011

                    **GUSRAE, KAPLAN, BRUNO & NUSBAUM PLLC**

                    By: <u>/s/ Marlen Kruzhkov</u>
                          Martin P. Russo, Esq. (MR-4134)
                          mrusso@gkblaw.com
                          Marlen Kruzhkov, Esq. (MK-8205)
                          kruzhkov@gkblaw.com
                          Sarah Y. Khurana, Esq. (SK-0630)
                          skhurana@gkblaw.com
                          120 Wall Street
                          New York, New York 10005
                          Tel: (212) 269-1400
                          *Attorneys for Plaintiff*
                          *Little Rest Twelve, Inc.*

24