```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LITTLE REST TWELVE, INC., ET AL.,

                    Plaintiffs,        11 Civ. 2306 (JGK)
                                       11 Civ. 2769 (JGK)
       - against -
                                       OPINION AND ORDER
RAYMOND VISAN, ET AL.,

                    Defendants.
_____


MUTUAL BENEFITS OFFSHORE FUND,

                    Plaintiff,

       - against -

EMANUEL ZELTSER, ET AL.,

                    Defendants.
_____
```

**JOHN G. KOELTL, District Judge:**

After a successful motion to remand, Gusrae Kaplan Bruno & Nusbaum, PLLC, ("GKBN") brings this motion for attorney's fees and expenses against all parties involved in the initial removal of the above-captioned cases, as well as the parties' attorneys (collectively "the respondents").

                              I.

The present motion involves two cases featuring common counsel and related parties: Little Rest Twelve, Inc. v.

Raymond Visan, No. 11 Civ. 2306 ("the Visan case") and Mutual Benefit Offshore Fund v. Emanuel Zeltser, No. 11 Civ. 2769 ("the MBOF case"). As set forth in greater detail in this Court's July 20, 2011 Opinion and Order, the cases involve disputes over the management of Little Rest Twelve, Inc. ("LRT"), and Mutual Benefits Offshore Fund, Ltd. ("MBOF"). Little Rest Twelve, Inc. v. Visan, No. 11 Civ. 2306, 2011 WL 3055375, at *1-6 (S.D.N.Y. July 20, 2011).

Both the Visan and the MBOF cases were initially before Justice Fried of the New York State Supreme Court, New York County, Commercial Division. A third case with common counsel and related parties, Little Rest Twelve, Inc. v. Nina Zajic, 11 Civ. 2307 ("the Zajic case"), was also initially before Justice Fried. During the pendency of those cases, a group of creditors filed petitions for involuntary bankruptcy in the Bankruptcy Court against LRT, MBOF, and a third company, Fischer Island Investments. In re Little Rest Twelve, Inc., No. 11-17061-AJC; In re Mutual Benefits Offshore Fund, Ltd., No. 11-17051-AJC ("MBOF"); In re Fischer Island Investments, Inc., No. 11-17047-AJC. Bankruptcy Judge A. Jay Cristol granted relief from any automatic stay in all pending cases and made it clear that the Bankruptcy Court was not going to interfere with any existing litigation. Little Rest, 2011 WL 3055375, at *4.

2

On April 4, 2011, the day before Justice Fried was set to hear summations in the Visan case, the defendants in the Visan and Zajic cases filed notices of removal for those cases to this Court. Id. at *5. In both cases, the defendants asserted that jurisdiction was proper under 28 U.S.C. § 1334 and removal proper under 28 U.S.C. § 1452 because the claims and third-party claims or counterclaims "raise disputed claims of ownership and control of debtor LRT and, therefore[,] claims arising under Title 11." Visan, 11 Civ. 2306, Doc. No. 1 at ¶ 10 (Apr. 4, 2011); Zajic, 11 Civ. 2307, Doc. No. 1 at ¶ 10. (Apr. 4, 2011). In the Visan case, the defendants also claimed jurisdiction under 28 U.S.C. § 1334 because the action "relates to rights in and to a federally-registered trademark and associated trade dress." Visan, 11 Civ. 2306, Doc. No. 1 at ¶ 9. Aside from the proffered trademark ground in the Visan case, the notices of removal in the two cases are substantially identical. After the notices of removal were filed, a group of creditor intervenors, the same as those who filed petitions for involuntary bankruptcy, moved to intervene and opposed remand. Little Rest, 2011 WL 3055375, at *6. On April 22, 2011, a notice of removal was filed in the MBOF case. MBOF, 11 Civ. 2379, Doc. No. 1 (Apr. 22, 2011).

In an Opinion and Order dated July 20, 2011, this Court granted the plaintiffs' motion to remand the Visan and MBOF

3

cases.  There was no motion to remand the Zajic case.  With respect to the Visan and MBOF cases, the Court noted that, while the parties agreed that the Court had jurisdiction under 28 U.S.C. § 1334(b), they disagreed as to whether remand was appropriate as a matter of mandatory abstention under § 1334(c)(2), permissive abstention under § 1334(c)(1), or equitable remand under § 1452(b).  Little Rest, 2011 WL 3055375, at *6.  The Court found that the requirements for mandatory abstention were met, and that the Visan and MBOF cases must be remanded.  Id. at *6-11.  Additionally, the Court found that permissive abstention and equitable remand were appropriate in those cases.[1]  Id. at *11-12.  The Court also noted that it retained jurisdiction for the purposes of determining attorney's fees and costs, and directed the prevailing parties to submit the appropriate application for such fees and costs within fourteen days of the Opinion and Order.[2]  Id. at *14.

On August 3, 2011, GKBN filed this application for attorney's fees and costs, requesting the substantial award of

---

[1] Because no motion to remand was made in the Zajic case, the Court deferred ruling on permissive abstention or equitable remand of that case, Little Rest, 2011 WL 3055375, at *13, but subsequently remanded it to state court.  Order, Zajic, 11 Civ. 2307, Doc. No. 5 (Aug. 5, 2011).

[2] The removing parties did not explicitly brief their opposition to the request for attorney's fees and costs in connection with the remand motion before the Court at that time.  The arguments in opposition to an award of attorney's fees and costs have been made for the first time in opposition to the current motion.

4

$229,706.50 for attorney's fees and $6,633.98 for costs and disbursements in the Visan and MBOF cases.  The respondents oppose the application, arguing (1) that § 1447(c) does not authorize an award of attorney's fees against counsel, (2) that the respondents' conduct does not support such a large award, and (3) that the documentation submitted with GKBN's application does not adequately support the amount GKBN seeks.  For the reasons explained below, the application is **denied**.

## II.

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); see Calabro v. Aniqa Halal Live Poultry Corp., 650 F.3d 163, 166 (2d Cir. 2011) (attorney's fees and costs proper under § 1447(c) where the purported basis for removal was objectively unreasonable).  If a defendant's grounds for removal are not

5

clearly barred by established federal law, then an award of attorney's fees and costs is improper.  See Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir.2007)(cited in Williams v. Int'l Gun-A-Rama, 416 F. App'x 97, 99 (2d Cir. 2011)).  "In practice, if lack of jurisdiction was not obvious from the face of the removal petition and no other unusual circumstances obtain, a court cannot conclude that an objectively reasonable basis was lacking."  Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC, No. 11 Civ. 2232, 2011 WL 4965150, at *8 (S.D.N.Y. Oct. 19, 2011) (internal quotation marks omitted).

In this case, there is no question that this Court had jurisdiction over these cases pursuant to 28 U.S.C. § 1334(b). Instead, it remanded the cases on the basis of mandatory abstention.  Little Rest, 2011 WL 3055375, at *6.  The Court of Appeals for the Second Circuit has held that a remand based on abstention is not equivalent to a remand for lack of jurisdiction.  See Baker v. Simpson, 613 F.3d 346, 350 (2d Cir. 2010), cert. denied, 131 S. Ct. 928 (2011); In re S.G. Phillips Constructors, Inc., 45 F.3d 702, 707 (2d Cir. 1995). Accordingly, it cannot be said that the respondents lacked an objectively reasonable basis to remove these cases.  See In re Amanat, 338 B.R. 574, 583 (Bankr. S.D.N.Y. 2005) (denying a request for attorney's fees after remanding on the basis of mandatory abstention because jurisdiction under § 1334

6

constituted an objectively reasonable basis for seeking removal); In re Lawrence, 233 B.R. 248, 253 (N.D.N.Y. 1999) (finding that remand based on abstention does not entitle the prevailing party to attorney's fees). Moreover, there has never been an allegation of a procedural defect in the notice of removal and there are no "unusual circumstances" in this case that would justify an award of fees and costs. See Martin, 546 U.S. at 141. As a result, the removal in this case does not warrant an award of attorney's fees and costs.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, GKBN's application for attorney's fees and costs is **denied**. The Clerk is directed to close **Docket No. 55** in Case No. 11 Civ. 2306 and **Docket No. 27** in Case No. 11 Civ. 2769.

SO ORDERED.

Dated:   New York, New York
         November 29, 2011

_____
John G. Koeltl
United States District Judge